IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:06cv1010-MHT |
| ) | (WO) |
| MBNA AMERICA, ) | |
| ) | |
| Defendant. ) | |

OPINION

In this case, pro se plaintiff Alonzo Austin appears to be asking this court to enter a judgment confirming an arbitration award in his favor of $ 973.85. Because this court lacks jurisdiction, the case will be dismissed.

Federal district courts are courts of limited jurisdiction; jurisdiction must therefore be affirmatively alleged by the party making a claim or complaint. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Kirkland Masonry v. Comm'r of

Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1980) (per curiam).* Austin's complaint fails to do this.

Nor does there appear to be any basis of subject-matter jurisdiction that Austin could allege. The Federal Arbitration Act, 9 U.S.C. §§ 1-16, does not itself confer jurisdiction. See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). Rather, § 9 of that Act provides for confirmation of an arbitration award only when the federal district court has an independent basis for jurisdiction. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1470 (11th Cir. 1997). No such independent basis exists here.

First, there is no federal-question jurisdiction under 28 U.S.C. § 1331. There is nothing in the complaint to indicate that the underlying dispute between

---

* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Austin and MBNA arises under the Constitution, laws, or treaties of the United States.

Second, there is no diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 contains an amount-in-controversy requirement of $ 75,000. Austin's arbitration award of $ 973.85 falls far short of that threshold.

Third, the court knows of no other federal statute that could confer original jurisdiction on this court to adjudicate the instant cause.

The court "not only has the power but also the obligation" to determine <u>sua sponte</u> whether it has jurisdiction over a cause of action. <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). "Whenever it appears by suggestion of the parties <u>or otherwise</u> that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphases added).

**Accordingly, this case is due to be dismissed without prejudice for lack of jurisdiction and thus without prejudice to Austin's being able to re-file his case in state court. An appropriate judgment will be entered.**

**DONE, this the 16th day of November, 2006.**

                                     /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**